UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOSEPH FRANCER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 05-00687 (ESH) |
| v. | ) |
| | ) |
| LAWRENCE M. SMALL, SECRETARY | ) |
| SMITHSONIAN INSTITUTION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Francer brings this *pro se* complaint against Defendant Lawrence M. Small, Secretary of the Smithsonian Institute, alleging that his constitutional rights were violated when he was suspended for two weeks from his employment at the Smithsonian. Plaintiff seeks compensatory and punitive damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and back pay. Defendant moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Because this Court's jurisdiction is barred by sovereign immunity and the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1101 *et seq.*, and plaintiff's constitutional claims lack any basis in the law, this suit will be dismissed with prejudice.[1]

---

[1] Plaintiff failed to file an opposition to defendant's motion to dismiss despite the issuance of a *Fox* order on June 20, 2005. The motion can therefore be treated as conceded pursuant to LCvR 7(b). However, because of plaintiff's *pro se* status, the Court has chosen to address the merits of defendant's motion to dismiss.

1

**BACKGROUND**

Plaintiff was suspended from the Smithsonian on September 26, 2003, for his conduct in the personnel office, where he had gone to change his savings plan. Plaintiff alleges that he was merely "expressing his grievance and petitioning for entitled service," and that the suspension was a malicious response that violated his First and Fourteenth Amendment rights. (Pl.'s Compl. ¶¶ 4, 8.) In addition, plaintiff claims that defendant's refusal to comply with his request to change his savings plan violated his right to manage his own property without the due process required by the Fourteenth Amendment. (*Id.* at 7.) In his *pro se* complaint, plaintiff seeks compensatory and punitive damages under *Bivens*, as well as back pay for his two-week suspension.

**ANALYSIS**

The Court has reviewed plaintiff's complaint, mindful that complaints filed by *pro se* litigants are held to less stringent standards than those drafted by lawyers.[2] *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court must dismiss plaintiff's complaint because the Court lacks subject matter jurisdiction, and plaintiff has failed to state a valid claim for relief.

The Court lacks jurisdiction over plaintiff's complaint on two separate grounds. First, plaintiff's claims against defendant are barred by sovereign immunity. For federal officials to be held liable in actions for damages based on constitutional violations, the United States must

---

[2] The Court notes, however, that plaintiff is no stranger to this Court, since he has previously filed suit regarding similar events (*i.e.*, prior suspensions from the Smithsonian). This Court dismissed a complaint in which plaintiff challenged two suspensions from the Smithsonian on the grounds that defendant violated his First Amendment rights. *See Francer v. Small*, No. 02-1619 (D.D.C. Nov. 21, 2002). A prior suit against the Smithsonian was also dismissed with prejudice by the Honorable Gladys Kessler in *Francer v. Heyman*, No. 98-2979 (D.D.C.).

waive its sovereign immunity, regardless of whether suit is brought against the United States directly or against officers operating in their official capacity, as in the instant case. *See Hamrick v. Brusseau*, 80 Fed. Appx. 116, 116 (D.C. Cir. 2003) (citing *Clark v. Library of Cong.*, 750 F.2d 89, 103-4 (D.C. Cir. 1984)). Additionally, the United States can be sued only to the extent that it explicitly waives sovereignty by statute. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *Unites States v. Sherwood*, 312 U.S. 584, 586 (1941)) ("It is elementary that 'the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court defines that court's jurisdiction to entertain the suit'"). The only statutory waiver that is conceivably applicable to the plaintiff's claims is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2679(a), but the FTCA is not a waiver of sovereign immunity for constitutional torts. *See Kline v. Republic of El Salvador*, 603 F. Supp. 1313, 1317 (D.D.C. 1985). Thus, there is no applicable waiver of immunity.[3]

Second, the Court is barred by the CSRA from exercising jurisdiction over plaintiff's *Bivens* claims. Assuming that plaintiff's allegations are true, as one must at this stage, defendant's actions constitute "prohibited personnel practices" under the CSRA, which include violations of employees' constitutional rights. *See* 5 U.S.C. § 2302(b). *See also Spagnola v. Mathis*, 859 F.2d 223, 225 n.3 (D.C. Cir. 1988) (en banc). With the CSRA, Congress created "an elaborate, comprehensive scheme" to protect federal civil employees from "improper action" by their supervisors. *Bush v. Lucas*, 462 U.S. 367, 385 (1983). Given the comprehensiveness of the

---

[3] The FTCA also requires tort claims involving the federal government, its agencies and its federal officials to be filed against the United States, rather than against a particular government agency or official. *See Kline*, 603 F. Supp. at 1316. Therefore, assuming that plaintiff does have legitimate claims under the FTCA, the United States must be substituted as a defendant.

CSRA system and that Congress is in a "better position" to decide whether the public interest would be served by creating a damages remedy, "Courts must withhold their power to fashion damages remedies when Congress has put in place a comprehensive system to administer public rights..." *Spagnola*, 859 F.2d at 228. Therefore, as a federal civil employee, plaintiff may not sue for damages for violation of his constitutional rights. *See id.* at 230.

It is therefore clear that CSRA precludes plaintiff from bringing any action for damages. However, arguably the CSRA would not bar the plaintiff from seeking equitable relief (including back pay) against his employer for constitutional violations, even where similar statutory claims would be barred. *See id.* at 229-30 & n.12. Here, plaintiff has invoked his First Amendment right to petition his government and the Fourteenth Amendment, arguing that his rights to due process and equal protection were violated by his suspension and by his inability to have and manage the money in his savings account. But again, these claims must be rejected, since plaintiff may not proceed on such a claim without first exhausting administrative remedies. *See Steadman v. Governor, United States Soldiers' and Airmen's Home*, 918 F.2d 963, 967 (D.C. Cir. 1990) ("if a constitutional claim survives an unsuccessful journey through the administrative process, the federal courts are open"). In addition, even if one were to proceed to the merits of plaintiff's constitutional claims, it is clear that his suspension would not rise to a due process violation, since he was not deprived of a constitutionally protected interest, *i.e.*, life, liberty or property. *See Graham v. Ashcroft*, No. 02-1231, 2002 WL 32511002, at *4 (D.D.C. Nov. 20, 2002), *aff'd*, 358 F.3d 931 (D.C. Cir. 2004). And the other allegations of constitutional claims are equally meritless as a matter of law and as a matter of fact, since these claims relate solely to his saving account, which incurred *no* loss of a protected property interest.

Accordingly, defendant's motion to dismiss is GRANTED, and plaintiff's complaint is DISMISSED WITH PREJUDICE.

THIS IS A FINAL APPEALABLE ORDER.

/s
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 29, 2005